# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| **Appeal No. & Caption** | No. 21-1168, Sony Music Entertainment, et al., v. Cox Communications, Inc. and CoxCom, LLC |
|---|---|
| **Originating No. & Caption** | No. 1:18-cv-950, Sony Music Entertainment v. Cox Communications |
| **Originating Court/Agency** | U.S. District Court, Eastern District of Virginia |

| **Jurisdiction** (answer any that apply) | | |
|---|---|---|
| Statute establishing jurisdiction in Court of Appeals | 28 U.S.C. § 1291 | |
| Time allowed for filing in Court of Appeals | 30 days | |
| Date of entry of order or judgment appealed | 1/12/2021 | |
| Date notice of appeal or petition for review filed | 2/10/2021 | |
| If cross appeal, date first appeal filed | | |
| Date of filing any post-judgment motion | | |
| Date order entered disposing of any post-judgment motion | | |
| Date of filing any motion to extend appeal period | | |
| Time for filing appeal extended to | | |
| Is appeal from final judgment or order? | ● Yes | ○ No |
| If appeal is not from final judgment, why is order appealable? | | |

| **Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 843-731-9099.) | | |
|---|---|---|
| Is settlement being discussed? | ○ Yes | ● No |

| **Transcript** (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ○ Yes | ◉ No |
| Has transcript been filed in district court? | ◉ Yes | ○ No |
| Is transcript order attached? | ○ Yes | ◉ No |

| **Case Handling Requirements** (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | | |
| Case number of any pending appeal in same case | | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ○ Yes | ◉ No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ◉ Yes | ○ No |
| Does case involve question of first impression? | ◉ Yes | ○ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ◉ No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

**Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.)

SEE ATTACHMENT A

| **Issues** (Non-binding statement of issues on appeal. Attach additional page if necessary) |
|---|
| SEE ATTACHMENT A |

| **Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel. Attach additional page if necessary.) ||
|---|---|
| Adverse Party: SEE ATTACHMENT B<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: | Adverse Party:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: |
| **Adverse Parties (continued)** ||
| Adverse Party:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: | Adverse Party:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: |

| **Appellant** (Attach additional page if necessary.) ||
|---|---|
| Name: SEE ATTACHMENT C<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: | Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: |
| **Appellant (continued)** ||
| Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: | Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: |

**Signature:** /s/ E. Joshua Rosenkranz　　　**Date:** 3/2/2021

**Counsel for:** Defendants-Appellants Cox Communications, Inc. et al.

**Certificate of Service** *(required for parties served outside CM/ECF)*: I certify that this document was served on _____ by ☐ personal delivery; ☐ mail; ☐ third-party commercial carrier; or ☐ email (with written consent) on the following persons at the addresses or email addresses shown:

| | |
|---|---|
| | |
| Signature: | Date: |

# ATTACHMENT A:

# Nature of Case and Issues

This is a copyright case seeking to impose secondary liability on Defendant-Appellant Cox Communications, an internet provider, for individual Cox subscribers' online infringement using peer-to-peer networks.  Plaintiffs-Appellees are music companies who allege that Cox subscribers infringed their copyrighted works, and that Cox is liable for those infringements on the basis of vicarious and contributory liability.  A jury found that Cox was liable for secondary infringement of 10,017 works and awarded damages in the amount of $1 billion.

The district court sustained the jury's verdict that Cox is vicariously liable for the infringement of its subscribers, finding that Cox receives a direct financial benefit for infringement and has the right and ability to control subscribers' behavior.

The district court also sustained the contributory liability verdict. The district court held at summary judgment that Cox, as a matter of law, had knowledge of infringement sufficient to sustain contributory liability.  The district court also affirmed the jury's finding that Cox materially contributed to subscribers' infringement simply by providing them internet access.

The district court declined to reduce the $1 billion damages award, rejecting Cox's argument that 17 U.S.C. § 504(c)(1) limited the number of works for which Plaintiffs could claim statutory damages. The district court also declined to reduce the award on constitutional grounds.

This appeal presents, without limitation, the following issues:

1. Whether the district court erred as a matter of law in upholding the vicarious liability verdict where Cox (a) receives no direct financial benefit from subscriber infringement and (b) lacks the ability to supervise and control subscriber behavior.

2. Whether the contributory infringement verdict must be vacated or reversed (a) where the district court erroneously granted summary judgment on the issue of Cox's knowledge of subscriber infringement on the basis of an incorrect legal standard and despite multiple disputed issues of fact; and (b) where Cox did not materially contribute to all infringement as a matter of law.

3. Whether the judgment impermissibly awards statutory damages for thousands of overlapping musical compositions and derivative sound recordings despite 17 U.S.C. § 504(c)(1)'s limitation of one statutory damages award for "parts of a … derivative work."

4. Whether the judgment impermissibly awards statutory damages for each individual song contained on a musical album despite 17 U.S.C. § 504(c)(1)'s limitation of one statutory damages award for "parts of a compilation."

5. Whether the damages award offends constitutional due process limitations.

6. Whether the district court committed additional errors that undermine the judgment.

# ATTACHMENT B:

# Adverse Parties

**Plaintiff-Appellees:**

Sony Music Entertainment
Arista Music
Arista Records, LLC
LaFace Records, LLC
Provident Label Group, LLC
Sony Music Entertainment US Latin
Volcano Entertainment III, LLC
Zomba Recordings LLC
Sony/ATV Music Publishing LLC
EMI AL Gallico Music Corp.
EMI Algee Music Corp.
EMI April Music Inc.
EMI Blackwood Music Inc.
Colgems-EMI Music Inc.
EMI Consortium Music Publishing Inc.;
D/B/A EMI Full Keel Music
EMI Consortium Songs, Inc.;
Individually and D/B/A EMI Longitude Music
EMI Feist Catalog Inc.
EMI Miller Catalog Inc.
EMI Mills Music, Inc.
EMI Unart Catalog Inc.
EMI U Catalog Inc.
Jobete Music Co. Inc.
Stone Agate Music
Screen Gems-EMI Music Inc.
Stone Diamond Music Corp.
Atlantic Recording Corporation
Bad Boy Records LLC
Elektra Entertainment Group Inc.
Fueled By Ramen LLC
Roadrunner Records; Inc.
Warner Bros. Records Inc.
Warner/Chappell Music, Inc.
Warner-Tamerlane Publishing Corp.
WB Music Corp.
W.B.M. Music Corp.
Unichappell Music Inc.
Rightsong Music Inc.
Cotillion Music, Inc.
Intersong U.S.A., Inc.
UMG Recordings, Inc.
Capitol Records, LLC
Universal Music Corp.
Universal Music – MGB Na LLC
Universal Music Publishing Inc.
Universal Music Publishing AB
Universal Music Publishing Limited
Universal Music Publishing MGB Limited.
Universal Music – Z Tunes LLC
Universal/Island Music Limited
Universal/MCA Music Publishing Pty. Limited

Music Corporation Of America, Inc. D/B/A Universal Music Corp.
Polygram Publishing, Inc.
Songs of Universal, Inc.

**All Plaintiff-Appellees are represented by the same attorneys:**

Scott Alexander Zebrak
    scott@oandzlaw.com
Matthew J. Oppenheim
    matt@oandzlaw.com
Jeffrey M. Gould
    jeff@oandzlaw.com
Oppenheim & Zebrak LLP
4530 Wisconsin Avenue Nw
5th Floor
Washington, DC 20016
(202) 480-2999

# ATTACHMENT C:

# Appellants

**Defendant-Appellants:**

Cox Communications, Inc.
CoxCom, LLC

**All Defendant-Appellants are represented by the same attorneys:**

E. Joshua Rosenkranz
    jrosenkranz@orrick.com
Christopher J. Cariello
    ccariello@orrick.com
Rachel G. Shalev
    rshalev@orrick.com
Alexandra Bursak
    abursak@orrick.com
Orrick, Herrington &
  Sutcliffe LLP
51 West 52nd Street
New York, NY 10019
(212) 506-5000

Mark S. Davies
    mark.davies@orrick.com
Sheila A. Baynes
    sbaynes@orrick.com
Orrick, Herrington &
  Sutcliffe LLP
1152 15th Street, NW
Washington, DC 20005
(202) 339-8400

Brian P. Goldman
    brian.goldman@orrick.com
Orrick, Herrington &
  Sutcliffe LLP
405 Howard Street
San Francisco, CA 94105
(415) 773-5700

Michael S. Elkin
    melkin@winston.com
Jennifer A. Golinveaux
    jgolinveaux@winston.com
Geoffrey P. Eaton
    geaton@winston.com
Winston & Strawn LLP
200 Park Avenue
New York, NY 10166
(212) 294-6700