No. 21-1168

IN THE

# United States Court of Appeals for the Fourth Circuit

SONY MUSIC ENTERTAINMENT, ET AL.,
*Plaintiffs-Appellees*,

*v.*

COX COMMUNICATIONS, INC. and COXCOM, LLC,
*Defendants-Appellants*,

(see full caption on inside cover)

On Appeal from the United States District Court
for the Eastern District of Virginia
No. 1:18-cv-950 (LO/JFA)
Hon. Liam O'Grady

## DEFENDANTS-APPELLANTS' UNOPPOSED MOTION TO ENLARGE THE WORD LIMIT TO 14,000 WORDS

Michael S. Elkin
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166

Jennifer A. Golinveaux
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111

Geoffrey P. Eaton
WINSTON & STRAWN LLP
1901 L Street NW
Washington, DC 20036

E. Joshua Rosenkranz
Christopher J. Cariello
ORRICK, HERRINGTON &
 SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019
(212) 506-5000

Brian P. Goldman
ORRICK, HERRINGTON &
 SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105

*Counsel for Defendants-Appellants*

SONY MUSIC ENTERTAINMENT, ARISTA MUSIC, ARISTA
RECORDS, LLC, LAFACE RECORDS LLC, PROVIDENT
LABEL GROUP, LLC, SONY MUSIC ENTERTAINMENT US
LATIN, VOLCANO ENTERTAINMENT III, LLC; ZOMBA
RECORDINGS LLC; SONY/ATV MUSIC PUBLISHING LLC;
EMI AL GALLICO MUSIC CORP.; EMI ALGEE MUSIC
CORP.; EMI APRIL MUSIC INC.; EMI BLACKWOOD MUSIC
INC.; COLGEMS-EMI MUSIC INC.; EMI CONSORTIUM
MUSIC PUBLISHING INC.; D/B/A EMI FULL KEEL MUSIC;
EMI CONSORTIUM SONGS, INC.; INDIVIDUALLY AND
D/B/A EMI LONGITUDE MUSIC; EMI FEIST CATALOG
INC.; EMI MILLER CATALOG INC.; EMI MILLS MUSIC,
INC.; EMI UNART CATALOG INC.; EMI U CATALOG INC.;
JOBETE MUSIC CO. INC.; STONE AGATE MUSIC; SCREEN
GEMS-EMI MUSIC INC.; STONE DIAMOND MUSIC CORP.;
ATLANTIC RECORDING CORPORATION; BAD BOY RECORDS
LLC; ELEKTRA ENTERTAINMENT GROUP INC.; FUELED BY
RAMEN LLC; ROADRUNNER RECORDS; INC.; WARNER
BROS. RECORDS INC.; WARNER/CHAPPELL MUSIC; INC.;
WARNER-TAMERLANE PUBLISHING CORP.; WB MUSIC
CORP.; W.B.M. MUSIC CORP.; UNICHAPPELL MUSIC INC.;
RIGHTSONG MUSIC INC.; COTILLION MUSIC, INC.;
INTERSONG U.S.A., INC.; UMG RECORDINGS, INC.;
CAPITOL RECORDS, LLC; UNIVERSAL MUSIC CORP.;
UNIVERSAL MUSIC – MGB NA LLC; UNIVERSAL MUSIC
PUBLISHING INC.; UNIVERSAL MUSIC PUBLISHING AB;
UNIVERSAL MUSIC PUBLISHING LIMITED; UNIVERSAL
MUSIC PUBLISHING MGB LIMITED.; UNIVERSAL MUSIC –
Z TUNES LLC; UNIVERSAL/ISLAND MUSIC LIMITED;
UNIVERSAL/MCA MUSIC PUBLISHING PTY. LIMITED;
MUSIC CORPORATION OF AMERICA, INC. D/B/A
UNIVERSAL MUSIC CORP.; POLYGRAM PUBLISHING, INC.;
AND SONGS OF UNIVERSAL, INC.,

*Plaintiffs-Appellees*,

*v.*

COX COMMUNICATIONS, INC. and COXCOM, LLC,

*Defendants-Appellants.*

Pursuant to Federal Rule of Appellate Procedure 27 and Fourth Circuit Rule 32(b), Defendants-Appellants Cox Communications, Inc. and CoxCom, LLC (Cox) move to enlarge the word limit for their opening brief from 13,000 to 14,000 words.  The scope, complexity, and stakes of this litigation warrant this modest enlargement to ensure that the Court has the information it needs to resolve the appeal.  Counsel for Plaintiffs-Appellees Sony Music Entertainment et al. has reported that Plaintiffs-Appellees do not oppose this motion.

1.     This appeal arises from a judgment following a two-week jury trial.  The jury directed a $1 billion judgment against Cox, an internet service provider, in favor of a group of plaintiffs representing 80% of the music industry.  The judgment rests on two independent theories that Cox is secondarily liable for copyright infringement committed by its subscribers, theories that each turn on knotty questions of law and fact.  Given the novelty and scope of the case, the litigation has unsurprisingly been prodigious and complex, producing a record that spans thousands of pages and over 700 docket entries and encompasses several rounds of vigorously contested motions.

2.      Several decisions made during three stages of the litigation—summary judgment, trial, and post-trial—are at issue in this appeal.

3.      Starting with summary judgment, the district court held that the plaintiffs had established a critical element of their case—Cox's knowledge of its subscribers' infringing activity—as a matter of law, and thus did not allow Cox to defend against that issue at trial.

4.      The district court then oversaw a two-week trial involving half a dozen issues of copyright liability and multiple questions of damages.

5.      After trial, the district court issued a 75-page order disposing of Cox's motion for judgment as a matter of law and motion for remittitur or a new trial.  In doing so, the court addressed complex questions of liability going to both direct and secondary liability and the various elements of each theory.  The court also addressed several distinct damages issues, answering controversial questions of statutory interpretation, constitutional law, and trial procedure.  Indeed, the damages questions could not be fully resolved based on the initial round

2

of post-trial briefing: The court ordered a second round of briefing to address the number of works for which the plaintiffs could recover.

6.    From summary judgment through the final damages determination, the stages of this litigation all raised factually and legally complex issues.

7.    Cox is mindful of the Court's emphasis on concise briefing. *See* 4th Cir. R. 32(b). Accordingly, Cox has winnowed the issues it is raising on appeal and streamlined its arguments wherever possible. Even so, a modest enlargement of the word count is necessary to adequately ventilate the relevant issues and provide this Court with information it needs to render a decision. In short, a case of this scale and complexity is the type that the Advisory Committee anticipated would necessitate a modest expansion of length when it lowered the word limit from 14,000 to 13,000 words in 2016. *See* Fed. R. App. P. 32(a)(7)(B) advisory committee's note to 2016 amendment (stating that the committee "expects" that courts will "grant[] leave to exceed" the rule's word limits when appropriate in complex cases).

8.    Counsel for Plaintiffs-Appellees Sony et al. has reported that Plaintiffs-Appellees do not oppose this motion.

9.      For the foregoing reasons, Cox respectfully requests that the

Court grant this motion.

Respectfully submitted,

*/s/ E. Joshua Rosenkranz*

| | |
|---|---|
| Michael S. Elkin | E. Joshua Rosenkranz |
| WINSTON & STRAWN LLP | Christopher J. Cariello |
| 200 Park Avenue | ORRICK, HERRINGTON & |
| New York, NY  10166 |   SUTCLIFFE LLP |
| | 51 West 52nd Street |
| Jennifer A. Golinveaux | New York, NY  10019 |
| WINSTON & STRAWN LLP | (212) 506-5000 |
| 101 California Street | |
| San Francisco, CA  94111 | Brian P. Goldman |
| | ORRICK, HERRINGTON & |
| Geoffrey P. Eaton |   SUTCLIFFE LLP |
| WINSTON & STRAWN LLP | 405 Howard Street |
| 1901 L Street NW | San Francisco, CA  94105 |
| Washington, DC  20036 | |

*Counsel for Defendants-Appellants*

April 12, 2021

**UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT**

No.  21-1168        Caption:  Sony Music Entertainment, et al. v. Cox Communications, Inc., et al.

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT**

Type-Volume Limit, Typeface Requirements, and Type-Style Requirements

---

**Type-Volume Limit for Briefs if Produced Using a Computer:** Appellant's Opening Brief, Appellee's Response Brief, and Appellant's Response/Reply Brief may not exceed 13,000 words or 1,300 lines.  Appellee's Opening/Response Brief  may not exceed 15,300 words or 1,500 lines.  A Reply or Amicus Brief may not exceed 6,500 words or 650 lines. Amicus Brief in support of an Opening/Response Brief may not exceed 7,650 words. Amicus Brief filed during consideration of petition for rehearing may not exceed 2,600 words. Counsel may rely on the word or line count of the word processing program used to prepare the document. The word-processing program must be set to include headings, footnotes, and quotes in the count. Line count is used only with monospaced type.  See Fed. R. App. P. 28.1(e), 29(a)(5), 32(a)(7)(B) & 32(f).

---

**Type-Volume Limit for Other Documents if Produced Using a Computer:** Petition for permission to appeal and a motion or response thereto may not exceed 5,200 words. Reply to a motion may not exceed 2,600 words. Petition for writ of mandamus or prohibition or other extraordinary writ may not exceed 7,800 words. Petition for rehearing or rehearing en banc may not exceed 3,900 words.  Fed. R. App. P. 5(c)(1), 21(d), 27(d)(2), 35(b)(2) & 40(b)(1).

---

**Typeface and Type Style Requirements:** A proportionally spaced typeface (such as Times New Roman) must include serifs and must be 14-point or larger.  A monospaced typeface (such as Courier New) must be 12-point or larger (at least 10½ characters per inch). Fed. R. App. P. 32(a)(5), 32(a)(6).

---

This brief or other document complies with type-volume limits because, excluding the parts of the document exempted by Fed. R. App. R. 32(f) (cover page, disclosure statement, table of contents, table of citations, statement regarding oral argument, signature block, certificates of counsel, addendum, attachments):

[✔]    this brief or other document contains _____564_____ [*state number of*] words

[ ]    this brief uses monospaced type and contains _____ [*state number of*] lines

This brief or other document complies with the typeface and type style requirements because:

[✔]    this brief or other document has been prepared in a proportionally spaced typeface using
Microsoft Word _____ [*identify word processing program*] in
14-point Century Schoolbook _____ [*identify font size and type style*]; **or**

[ ]    this brief or other document has been prepared in a monospaced typeface using
_____ [*identify word processing program*] in
_____ [*identify font size and type style*].

(s) E. Joshua Rosenkranz _____

Party Name Cox Communications, Inc. and CoxCom, LLC

Dated: April 12, 2021 _____