No. 21-1168

IN THE

# United States Court of Appeals for the Fourth Circuit

SONY MUSIC ENTERTAINMENT, ET AL.,
*Plaintiffs-Appellees*,

*v.*

COX COMMUNICATIONS, INC. and COXCOM, LLC,
*Defendants-Appellants*,

(see full caption on inside cover)

On Appeal from the United States District Court
for the Eastern District of Virginia
No. 1:18-cv-950 (LO/JFA)
Hon. Liam O'Grady

**DEFENDANTS-APPELLANTS'
UNOPPOSED MOTION TO EXTEND TIME
TO FILE REPLY BRIEF**

E. Joshua Rosenkranz
Christopher J. Cariello
ORRICK, HERRINGTON &
  SUTCLIFFE LLP
51 West 52nd Street
New York, NY  10019
(212) 506-5000

*Counsel for Defendants-Appellants*

SONY MUSIC ENTERTAINMENT, ARISTA MUSIC, ARISTA RECORDS, LLC, LAFACE RECORDS LLC, PROVIDENT LABEL GROUP, LLC, SONY MUSIC ENTERTAINMENT US LATIN, VOLCANO ENTERTAINMENT III, LLC; ZOMBA RECORDINGS LLC; SONY/ATV MUSIC PUBLISHING LLC; EMI AL GALLICO MUSIC CORP.; EMI ALGEE MUSIC CORP.; EMI APRIL MUSIC INC.; EMI BLACKWOOD MUSIC INC.; COLGEMS-EMI MUSIC INC.; EMI CONSORTIUM MUSIC PUBLISHING INC.; D/B/A EMI FULL KEEL MUSIC; EMI CONSORTIUM SONGS, INC.; INDIVIDUALLY AND D/B/A EMI LONGITUDE MUSIC; EMI FEIST CATALOG INC.; EMI MILLER CATALOG INC.; EMI MILLS MUSIC, INC.; EMI UNART CATALOG INC.; EMI U CATALOG INC.; JOBETE MUSIC CO. INC.; STONE AGATE MUSIC; SCREEN GEMS-EMI MUSIC INC.; STONE DIAMOND MUSIC CORP.; ATLANTIC RECORDING CORPORATION; BAD BOY RECORDS LLC; ELEKTRA ENTERTAINMENT GROUP INC.; FUELED BY RAMEN LLC; ROADRUNNER RECORDS; INC.; WARNER BROS. RECORDS INC.; WARNER/CHAPPELL MUSIC; INC.; WARNER-TAMERLANE PUBLISHING CORP.; WB MUSIC CORP.; W.B.M. MUSIC CORP.; UNICHAPPELL MUSIC INC.; RIGHTSONG MUSIC INC.; COTILLION MUSIC, INC.; INTERSONG U.S.A., INC.; UMG RECORDINGS, INC.; CAPITOL RECORDS, LLC; UNIVERSAL MUSIC CORP.; UNIVERSAL MUSIC – MGB NA LLC; UNIVERSAL MUSIC PUBLISHING INC.; UNIVERSAL MUSIC PUBLISHING AB; UNIVERSAL MUSIC PUBLISHING LIMITED; UNIVERSAL MUSIC PUBLISHING MGB LIMITED.; UNIVERSAL MUSIC – Z TUNES LLC; UNIVERSAL/ISLAND MUSIC LIMITED; UNIVERSAL/MCA MUSIC PUBLISHING PTY. LIMITED; MUSIC CORPORATION OF AMERICA, INC. D/B/A UNIVERSAL MUSIC CORP.; POLYGRAM PUBLISHING, INC.; AND SONGS OF UNIVERSAL, INC.,

          *Plaintiffs-Appellees*,

v.

COX COMMUNICATIONS, INC. and COXCOM, LLC,
          *Defendants-Appellants*.

Pursuant to Federal Rule of Appellate Procedure 26(b) and Fourth Circuit Rule 31(c), Defendants-Appellants Cox Communications, Inc. and CoxCom, LLC (Cox) respectfully request a 21-day extension of time to file their reply brief in this appeal, and a corresponding extension of the parties' deadline for filing the deferred joint appendix. Counsel for Plaintiffs-Appellees Sony Music Entertainment et al. has indicated that Plaintiffs-Appellees do not oppose Cox's extension request.

In support of this motion, Cox states as follows:

1. This appeal arises from a copyright dispute that was tried before a jury in a 13-day trial, in which the jury awarded Plaintiffs-Appellees a $1 billion verdict against Defendants-Appellants. On January 12, 2021, the district court entered a final judgment. D. Ct. Dkt. 723.

2. Cox filed a timely notice of appeal on February 10, 2021. D. Ct. Dkt. 732.

3. Cox filed its opening brief, after one extension, on May 24, 2021. Dkt. 18, 27.

4. Plaintiffs-Appellees filed their response brief, after one extension, on July 23, 2021. Dkt. 35, 37.

1

5. The parties' joint appendix is currently due on August 6, 2021. Cox's reply brief is currently due on August 18, 2021. Dkt. 35.

6. This is Cox's first request for an extension of time to file its reply brief.

7. The circumstances of this case warrant a briefing extension under Fourth Circuit Rule 31(c) because of the scope and complexity of the issues presented, the extensive district court proceedings, and the voluminous record in the district court and on appeal.

8. The record on appeal is substantial. The docket in this case reflects over 700 entries. The parties engaged in multiple rounds of motion practice both before and after trial. And the trial itself spanned 13 days, featured dozens of witnesses, and ultimately consumed 3000 pages of transcript.

9. Moreover, the issues raised on appeal are novel and complex questions concerning doctrines of secondary copyright liability and statutory damages. These issues implicate complicated legal issues and a voluminous factual record.

10. Undersigned appellate counsel also have overlapping deadlines in other appellate matters, including: Petition for a Writ of

2

Certiorari in the U.S. Supreme Court in *Roberts v. Garland*, No. 21- (filed August 2, 2021); Petitioner's Brief on the Merits in the U.S. Supreme Court in *Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*, No. 20-915 (due August 3, 2021); Opening Brief in the New York State Appellate Division, First Department in *Brenntag North America, Inc. et al. v. Olson, et al.*, No. 2020-04856 (due August 6, 2021); Petition for a Writ of Certiorari in the U.S. Supreme Court in *Arredondo v. Ashley River*, No. 21- (due August 9, 2021); Opening Brief in *Acaley v. Vimeo* in the U.S. Court of Appeals for the Seventh Circuit, No. 20-2047 (due August 25, 2021); Petition for a Writ of Certiorari in the U.S. Supreme Court in *Johnson & Johnson v. Fitch ex rel. Mississippi*, No. 21- (due August 30, 2021); and amicus curiae brief in the U.S. Supreme Court in *United States v. Vaello-Madero*, No. 20-303 (due September 7, 2021).

11. The requested extension of time is further warranted because in-house counsel for Cox who are responsible for this matter must prepare for and attend a scheduled trial in *Cox Communications, Inc. v. T-Mobile US, Inc.* in the Delaware Court of Chancery, No. 2021-0010, from August 16-20, 2021. Preparation for trial, and the trial itself, will require a significant commitment of time and resources by

3

counsel, which will interfere with their ability to assist with the preparation and review of the reply brief in this appeal.

12. On July 31, 2021, Cox informed counsel for Plaintiffs-Appellees of this motion, and counsel has since indicated that it consents to the motion.

13. Cox is unaware of any reason why the filing of its reply brief should be considered pressing, or any reason why Plaintiffs-Appellees would be prejudiced by the granting of this motion.

14. The requested extension is not sought for the purpose of delay or for any other improper purpose.

15. For the foregoing reasons, Cox respectfully requests that the Court grant its motion for a 21-day extension of time to file its reply brief, making the reply brief due September 8, 2021. Cox also requests that the deadline for filing the parties' joint appendix also be extended by 21 days to August 27, 2021.

Respectfully submitted,

*/s/ E. Joshua Rosenkranz*
E. Joshua Rosenkranz
Christopher J. Cariello
ORRICK, HERRINGTON &

                                                                                         SUTCLIFFE LLP  
                                                             51 West 52nd Street  
                                                           New York, NY 10019  
                                                               (212) 506-5000

*Counsel for Defendant-Appellants*

August 3, 2021

# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

No. __21-1168__    Caption: __Sony Music Entertainment et al v. Cox Communications__

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT

Type-Volume Limit, Typeface Requirements, and Type-Style Requirements

**Type-Volume Limit for Briefs if Produced Using a Computer:** Appellant's Opening Brief, Appellee's Response Brief, and Appellant's Response/Reply Brief may not exceed 13,000 words or 1,300 lines. Appellee's Opening/Response Brief may not exceed 15,300 words or 1,500 lines. A Reply or Amicus Brief may not exceed 6,500 words or 650 lines. Amicus Brief in support of an Opening/Response Brief may not exceed 7,650 words. Amicus Brief filed during consideration of petition for rehearing may not exceed 2,600 words. Counsel may rely on the word or line count of the word processing program used to prepare the document. The word-processing program must be set to include headings, footnotes, and quotes in the count. Line count is used only with monospaced type. See Fed. R. App. P. 28.1(e), 29(a)(5), 32(a)(7)(B) & 32(f).

**Type-Volume Limit for Other Documents if Produced Using a Computer:** Petition for permission to appeal and a motion or response thereto may not exceed 5,200 words. Reply to a motion may not exceed 2,600 words. Petition for writ of mandamus or prohibition or other extraordinary writ may not exceed 7,800 words. Petition for rehearing or rehearing en banc may not exceed 3,900 words. Fed. R. App. P. 5(c)(1), 21(d), 27(d)(2), 35(b)(2) & 40(b)(1).

**Typeface and Type Style Requirements:** A proportionally spaced typeface (such as Times New Roman) must include serifs and must be 14-point or larger. A monospaced typeface (such as Courier New) must be 12-point or larger (at least 10½ characters per inch). Fed. R. App. P. 32(a)(5), 32(a)(6).

This brief or other document complies with type-volume limits because, excluding the parts of the document exempted by Fed. R. App. R. 32(f) (cover page, disclosure statement, table of contents, table of citations, statement regarding oral argument, signature block, certificates of counsel, addendum, attachments):

[✔] this brief or other document contains __725__ [*state number of*] words

[ ] this brief uses monospaced type and contains _____ [*state number of*] lines

This brief or other document complies with the typeface and type style requirements because:

[✔] this brief or other document has been prepared in a proportionally spaced typeface using __Microsoft Word__ [*identify word processing program*] in __14-point Century Schoolbook__ [*identify font size and type style*]; **or**

[ ] this brief or other document has been prepared in a monospaced typeface using _____ [*identify word processing program*] in _____ [*identify font size and type style*].

(s) __E. Joshua Rosenkranz__

Party Name __Cox Communications, Inc., CoxCom, LLC__

Dated: __August 3, 2021__

04/12/2020 SCC