

Hogan Lovells US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004
T  +1 202 637 5600
F  +1 202 637 5910
www.hoganlovells.com

May 30, 2023

**BY CM/ECF**

Patricia S. Connor
Clerk of the Court
United States Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, Virginia 23219-3517

**Re:**  *Sony Music Entertainment, et al. v. Cox Communications, Inc. and CoxCom, LLC*,
No. 21-1168; argument heard March 9, 2022

Dear Ms. Connor:

     Plaintiffs-Appellees submit this response to Cox's Rule 28(j) letter regarding *Twitter, Inc. v. Taamneh*, No. 21-1496, 598 U.S. __ (2023).

     *Twitter* arose under the Justice Against Sponsors of Terrorism Act.  Plaintiffs there identified "no duty" under that terrorism statute requiring defendants "to terminate customers after discovering that the customers were using the service for illicit ends."  Slip Op. 25.  This case arises under the Copyright Act.  This Court has already held that an internet-service provider has a duty to "do something" about known infringers.  *BMG Rts. Mgmt. (US) LLC v. Cox Commc'ns, Inc.*, 881 F.3d 293, 311-312 (4th Cir. 2018) ("[s]elling a product with both lawful and unlawful uses suggests an intent to cause infringement," when "the seller knows of *specific* instances of infringement").  So has the Supreme Court.  *See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 932-935 (2005).

     *Twitter* also involved allegations "rest[ing] less on affirmative misconduct" and more on "passive nonfeasance."  Slip Op. 23-24.  The *Twitter* plaintiffs made no allegations connecting the terror attack to ISIS's use of the platforms.  Nor had they alleged that defendants' relationship with ISIS was any different than defendants' "arm's length, passive, and largely indifferent" relationship with their other users.  *Id.* at 24.  Plaintiffs' allegations therefore did not meet the requirement of "conscious[,] culpable conduct" abetting the underlying tort.  *Id.* at 28; *see id.* at 15-16.

     Cox was not so passive.  *See* Answering Brief 21-22, 27-32.  Cox did not merely "provid[e] [its] services to the public" then "fail[] to take simple measures" to stop infringement, Cox Letter 1-2 (quotation marks and citations omitted); it set up sham policies ensuring infringement would

Hogan Lovells US LLP is a limited liability partnership registered in the District of Columbia.  "Hogan Lovells" is an international legal practice that includes Hogan Lovells US LLP and Hogan Lovells International LLP, with offices in:  Alicante  Amsterdam  Baltimore  Beijing  Birmingham  Boston  Brussels  Colorado Springs  Denver  Dubai  Dusseldorf  Frankfurt  Hamburg  Hanoi  Ho Chi Minh City  Hong Kong  Houston  Johannesburg  London  Los Angeles  Luxembourg  Madrid  Mexico City  Miami  Milan  Minneapolis  Monterrey  Munich  New York  Northern Virginia  Paris  Philadelphia  Rome  San Francisco  São Paulo  Shanghai  Silicon Valley  Singapore  Sydney  Tokyo  Warsaw  Washington, D.C.  Associated Offices: Budapest  Jakarta  Riyadh  Shanghai FTZ  Ulaanbaatar.   Business Service Centers:  Johannesburg  Louisville.   Legal Services Center:  Berlin.   For more information see www.hoganlovells.com

- 2 -

continue. Answering Brief 10-14, 21-22. Cox knew of specific instances of infringement occurring on its network, tied them to specific users, and chose not to terminate those users to avoid "losing revenue from paying subscribers." *BMG*, 881 F.3d at 305. Cox's material contribution to its users' infringement is nothing like the *Twitter* defendants' "passive nonfeasance." Slip Op. 24. Absolving Cox's conduct would immunize internet-service providers from contributory liability, contrary to decades of contributory-infringement law. Cox's conscious, culpable conduct compels affirmance here.

                Respectfully submitted,

                <u>/s/ Catherine E. Stetson</u>
                Catherine E. Stetson

cc: All counsel of record (via CM/ECF)