# No. 21-1168

IN THE

# United States Court of Appeals for the Fourth Circuit

SONY MUSIC ENTERTAINMENT, ET AL.,

*Plaintiffs-Appellees*,

v.

COX COMMUNICATIONS, INC. and COXCOM, LLC,

*Defendants-Appellants*.

On Appeal from the United States District Court
for the Eastern District of Virginia
Case No. 1:18-cv-950
(The Honorable Liam O'Grady)

## PLAINTIFFS-APPELLEES' RESPONSE TO APPELLANTS' MOTION TO STAY THE MANDATE

Matthew J. Oppenheim
Scott A. Zebrak
Jeffrey M. Gould
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Ave. NW, 5th Floor
Washington, D.C. 20016
(202) 480-2999
matt@oandzlaw.com

Catherine E. Stetson
Jo-Ann Tamila Sagar
Michael J. West
HOGAN LOVELLS US LLP
555 Thirteenth St. NW
Washington, D.C. 20004
(202) 637-5491
cate.stetson@hoganlovells.com

March 29, 2024

*Counsel for Plaintiffs-Appellees*

# ARGUMENT

Cox asks this Court to stay the mandate pending the resolution of (1) its Rule 60(b) appeal and (2) its petition for certiorari in the Supreme Court. *See* Mot. 1. Plaintiffs agree that a stay pending this Court's resolution of the Rule 60(b) appeal is appropriate. Plaintiffs oppose Cox's request for a stay pending certiorari.

1. Plaintiffs agree that this Court should stay the mandate pending this Court's resolution of the Rule 60(b) appeal arising out of the same trial. Cox's Rule 60(b) appeal lacks merit and will be disposed of in due course, but Plaintiffs nevertheless agree that judicial economy would be best served by this Court resolving all of Cox's challenges to the underlying trial and then remanding for a retrial on damages.

2. Plaintiffs oppose Cox's separate request for a stay pending certiorari. Such a stay is warranted where the petition will "present a substantial question and that there is good cause for a stay." Fed. R. App. P. 41(d)(1). Cox's "good cause" arguments are overblown, and Plaintiffs do not concede that such cause exists to stay the mandate pending the resolution of Cox's cert petition. More importantly, however, the issues Cox identifies are far from "substantial question[s]."

Cox first says that this Court's decision creates a circuit split "over what constitutes a 'material contribution' to infringement." Mot. 9. That is wrong. The Second Circuit case Cox cites as splitting with this Court's decision applies old law. The decision in *Matthew Bender & Co. v. West Publishing Co.*, 158 F.3d 693, 706

1

(2d Cir. 1998), cites *Sony Corporation of America v. Universal City Studios, Inc.*, 464 U.S. 417 (1984). *Sony*, this Court recognized in *BMG Rights Management (US) LLC v. Cox Communications, Inc.*, 881 F.3d 293, 306 (4th Cir. 2018), was "clarified" by *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913 (2005). And the Ninth Circuit case Cox cites as splitting with this Court's precedent was in fact cited by this Court in *BMG Rights Management* in support of its holding. *See* 881 F.3d at 306 (citing *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1172 (9th Cir. 2007)). There is no split.

Cox's insistence that this Court's decision contravenes *Twitter, Inc. v. Taamneh*, 598 U.S. 471 (2023), *see* Mot. 11-13, is meritless. As Plaintiffs have explained, *Twitter* is fundamentally different than this case. *See* ECF No. 88 (May 30, 2023) (responding to Cox's Rule 28(j) letter); *see also In re Frontier Commc'ns Corp.*, No. 20-22476, slip op. at 31 (S.D.N.Y. Bankr. Mar. 27, 2024) (rejecting similar argument by an internet service provider in a copyright infringement case, and observing that "*Twitter* did not silently rewrite well-established jurisprudence on secondary liability for copyright infringement") (capitalization altered).

Cox's purported split on willfulness, Mot. 13-15, is just as contrived. This Court in *BMG Rights Management*, 881 F.3d at 312, and the Eighth Circuit in *RCA/Ariola International, Inc. v. Thomas & Grayston Co.*, 845 F.2d 773, 779 (8th Cir. 1988), both agree that an infringer acts willfully when he "recklessly disregards"

2

a copyright-holder's rights. The Eighth Circuit in *RCA/Ariola* found that standard not met where the defendant-company was advised by counsel "that there would be no liability for occasional copying of protected materials by customers unassisted by the retailers." 845 F.2d at 779. Here, in contrast, the Cox employee in charge of the company's abuse team emailed his colleagues, "F the dmca!!!" JA1495.

In light of Cox's failure to identify any "substantial question" for review by the Supreme Court, Fed. R. App. P. 41(d)(1), a stay pending the resolution of Cox's certiorari petition is inappropriate.

## CONCLUSION

For the foregoing reasons, Plaintiffs agree that this Court should stay the mandate pending the resolution of the Rule 60(b) appeal. Cox's separate request to stay the mandate pending the resolution of its petition for certiorari should be denied.

Respectfully submitted,

March 29, 2024

/s/ Catherine E. Stetson
Catherine E. Stetson

Matthew J. Oppenheim
Scott A. Zebrak
Jeffrey M. Gould
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Ave. NW, 5th Floor
Washington, D.C. 20016
(202) 480-2999
matt@oandzlaw.com

Jo-Ann Tamila Sagar
Michael J. West
HOGAN LOVELLS US LLP
555 Thirteenth St. NW
Washington, D.C. 20004
(202) 637-5491
cate.stetson@hoganlovells.com

*Counsel for Plaintiffs-Appellees*

3

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

No. __21-1168__     Caption: __Sony Music Entertainment v. Cox Communications, Inc.__

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT**
Type-Volume Limit, Typeface Requirements, and Type-Style Requirements

**Type-Volume Limit for Briefs if Produced Using a Computer:** Appellant's Opening Brief, Appellee's Response Brief, and Appellant's Response/Reply Brief may not exceed 13,000 words or 1,300 lines. Appellee's Opening/Response Brief may not exceed 15,300 words or 1,500 lines. A Reply or Amicus Brief may not exceed 6,500 words or 650 lines. Amicus Brief in support of an Opening/Response Brief may not exceed 7,650 words. Amicus Brief filed during consideration of petition for rehearing may not exceed 2,600 words. Counsel may rely on the word or line count of the word processing program used to prepare the document. The word-processing program must be set to include headings, footnotes, and quotes in the count. Line count is used only with monospaced type. See Fed. R. App. P. 28.1(e), 29(a)(5), 32(a)(7)(B) & 32(f).

**Type-Volume Limit for Other Documents if Produced Using a Computer:** Petition for permission to appeal and a motion or response thereto may not exceed 5,200 words. Reply to a motion may not exceed 2,600 words. Petition for writ of mandamus or prohibition or other extraordinary writ may not exceed 7,800 words. Petition for rehearing or rehearing en banc may not exceed 3,900 words. Fed. R. App. P. 5(c)(1), 21(d), 27(d)(2), 35(b)(2) & 40(b)(1).

**Typeface and Type Style Requirements:** A proportionally spaced typeface (such as Times New Roman) must include serifs and must be 14-point or larger. A monospaced typeface (such as Courier New) must be 12-point or larger (at least 10½ characters per inch). Fed. R. App. P. 32(a)(5), 32(a)(6).

This brief or other document complies with type-volume limits because, excluding the parts of the document exempted by Fed. R. App. R. 32(f) (cover page, disclosure statement, table of contents, table of citations, statement regarding oral argument, signature block, certificates of counsel, addendum, attachments):

[✔] this brief or other document contains __638__ [*state number of*] words

[ ] this brief uses monospaced type and contains _____ [*state number of*] lines

This brief or other document complies with the typeface and type style requirements because:

[✔] this brief or other document has been prepared in a proportionally spaced typeface using __Microsoft Word__ [*identify word processing program*] in __14 point Times New Roman__ [*identify font size and type style*]; **or**

[ ] this brief or other document has been prepared in a monospaced typeface using _____ [*identify word processing program*] in _____ [*identify font size and type style*].

(s) __Catherine E. Stetson__

Party Name __Sony Music Entertainment et al.__

Dated: __3/29/2024__

## CERTIFICATE OF SERVICE

      I hereby certify that on this 29th day of March 2024, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Fourth Circuit using the appellate CM/ECF system. Counsel for all parties to the case are registered CM/ECF users and will be served by the CM/ECF system.

/s/ Catherine E. Stetson
Catherine E. Stetson